Judge EDWIN A. LOMBARD.
11 The State appeals the trial court decision, rendered on August 27, 2013, to quash the indictment. After review of the record in light of the applicable law and arguments of the parties, we affirm the trial court judgment.

Relevant Facts and Procedural History

The defendant, Ronald Flemings, was arrested by the New Orleans Police Department (NOPD) on December 29, 2004, and charged with armed robbery and attempted armed robbery in violation La. Rev. Stat.l4:64 and La.Rev.Stat. 14:(27)64. The “Application for Arrest Warrant” dated December 27, 2004, lists the defendant’s address as 1310 Leboeuf Street, New Orleans, Louisiana. This address also appears on the NOPD report bearing item No. L-03530-04 prepared by the arresting officer and on the NOPD-NCIC printout dated 12/27/2004.
The defendant was charged with both offenses by bill of information in Case No. 465-823 on March 2, 2005, and arraigned on March 8, 2005, in Section “B” of Criminal District Court, Orleans Parish. There is no indication in the record that the defendant made bond.[1]
The motion hearings scheduled for April 1, 2005, May 5, 2005, and June 3, 2005, were continued pursuant to State requests. On July 27, 2005, the State ^entered a nolle prosequi in Case No. 456-823 and, subsequently, the defendant was released from custody.
On August 9, 2005, the State reinstituted prosecution of both charges by bill of information under a new case number, 461-987. On August 25, 2005, a notice to appear for arraignment was sent to 10367 Leboeuf Street, New Orleans, Louisiana 70114, the defendant’s address as it appeared on the arrest register at the time he was booked into Central Lockup. The defendant did not appear for arraignment and the trial court issued an alias capias for his arrest, continuing the matter without date. On May 28, 2013, the defendant *648 was arrested pursuant to the outstanding capias, and arraigned on the new charges on June 7, 2013.
On June 21, 2013, the defendant filed a motion to quash the bill of information, asserting that his statutory and constitutional speedy trial rights had been violated. After a hearing on August 27, 2013, the trial court granted the defendant’s motion. The State objected, arguing that it had met its burden under La.Code Crim. Proc. art. 578 when the Orleans Parish Sheriffs Office attempted service at the 10367 Leboeuf Street address.
By per curiam filed September 25, 2013, the trial court made the following findings:
(1) The defendant’s trial did not commence within two years from the date in August 2005 when the bill of information was filed; rather, institution of the prosecution commenced eight and a half years later.
(2) The State submitted no evidence indicating the defendant fled the State or absented himself to avoid detection, apprehension or prosecution; moreover, because the State had entered a nolle prosequi in the original case and the defendant was not out on bond, the defendant was under no bail obligation to notify the State of a change of address.
|s(3) The State advised the court that the Orleans Parish Sheriffs Office attempted service once [August 2005]; the State did not establish that it was unable to perfect service for any cause beyond the State’s control; and it was not until the defendant was arrested [as a result of the capias issued in August 2005] in May 2013, that the State took any further action beyond the one attempted service [in August 2005].
(4) As there is no indication in the record that the State actually made diligent efforts to serve the defendant, the reason for the delay lies with the State; the delay arguably prejudices the defendant’s ability to investigate, gather witnesses and prepare his defense.
The State timely filed its appeal.

Applicable Law

La.Code Crim. Proc. art. 572(A)(1) provides in pertinent part that “no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within.... [s]ix years [after the offense has been committed] for a felony necessarily punishable by imprisonment at hard labor.” See also La.Code Crim. Proc. art. 578(A)(2) (no trial shall be commenced nor any bail obligation be enforceable in non-capital felony cases after two years from the date of institution of the prosecution).
La.Code Crim. Proc. art. 579(A)(2) provides that these time periods shall be interrupted if “[t]he defendant cannot be tried ... because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.” La.Code Crim. Proc. art. 579(A)(3) provides that the time period is interrupted if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.”
Before the State can be granted an interruption under La.Code Crim. Proc. art. 579(A), the State must prove that the defendant’s absence was deliberate or beyond the State’s control. La.Code Crim. Proc. art 579(A)(1); La.Code Crim. Proc. art. 579(A)(2); see also State v. Rome, supra (burden is upon the state to 14demonstrate that the limitations were interrupted under La.Code Crim. Proc. art. 579).

*649
Discussion

The State contends that because the address on the arrest register did not exist, the time limitation of La.Code Crim. Proc. art. 578(A)(2) was interrupted because the State was unable to serve the defendant following reinstatement of the charges. According to the State, the defendant’s presence could not be obtained by legal process because (1) he gave a false address during booking; (2) the trial court continued the matter without date; and (3) Hurricane Katrina made landfall four days after the missed re-arraignment appearance of August 25, 2005. The State concedes that the eight and one-half year delay is presumptively prejudicial, but reiterates that none of the delays are attributable to the State because the defendant gave a false address when booked.
The State’s appeal is meritless. There is no evidence in the record that the defendant purposely gave a false address. Moreover, the State always had within its possession the defendant’s correct address — 1310 Leboeuf Street — as evidenced by arrest warrant application and NOPD item report contained the record. It appears that the defendant’s address, as recorded by sheriffs deputies in the booking record — 10367 Leboeuf Street — is an administrative, typographical error. There is no evidence in the record that the defendant purposely provided a false address at booking and, as the defendant points out, the State cites no authority (and we know of none) obligating the defendant to insure the correctness of the data input by sheriff’s deputies. The State’s actions — making only a single attempt to serve the defendant at an erroneous address and no further action for eight and one-half years — does not suggest due diligence in pursuing this | ¡^prosecution. Although Hurricane Katrina indisputably entailed mass disruption in the legal system, that alone does not justify the State’s pursuit of ten-year old charges in this case. Furthermore, while the State seeks to supplement the record before this Court, it does so with documents from the case it dismissed in 2005; those documents do nothing more than show that the State had the wrong address and not the source thereof. As noted by the defendant, on the initial arrest warrant, executed on December 27, 2004, his address is listed as 1310 Leboeuf Street, which was his correct address prior to Hurricane Katrina, rather than the 10367 Leboeuf Street address which appears on the State’s later documents. Thus, the State was at all pertinent times in possession of the defendant’s actual address; specifically, the copy of the Application for Arrest Warrant dated December 27, 2004, in the record clearly requests an order of arrest for Ronald Flemings whose address is 1310 Leboeuf Street, New Orleans, Louisiana. In addition, the 1310 Leboeuf address appears in the NOPD report bearing item number L-03530-04 prepared by the arresting officer, and on the NOPD-NCIC printout dated 12/27/2004, all of which are a part of the record before this Court. Accordingly, the State is at fault for the resulting confusion regarding the defendant’s address in the months immediately prior to Hurricane Katrina. Given that the defendant had no ongoing bond obligation, he had no duty to keep the State apprised of his whereabouts once his initial case was dismissed and, concomitantly, his absence from an arraignment of which he received no actual notice does not serve as a bad faith interruption. See La.Code Crim. Proc. art. 579(A)(3) (limitation period interrupted if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record”). Accordingly, because the State did not meet its burden in proving under La.Code Crim. Proc. art. 579(A)(2) that the | (¡defendant’s presence *650 could not be obtained within the applicable time period by legal process or for any other reason beyond its control, we find no error in the trial court ruling. Clearly, as the trial court found, the eight and one-half year delay in this case is well beyond the two-year limitation period provided in La.Code Crim. Proc. art. 578(A)(2). Because the statutory violation is indisputable, we pretermit discussion of the defendant’s argument that constitutional grounds also support the ruling.

Conclusion

The State’s appeal is without merit. Accordingly, the trial court judgment is affirmed.
AFFIRMED.

. The record is incomplete. It does not contain docket information from 2005.